### HATTON v. McFADDIN et al.

*(Supreme Court, General Term, First Department. July 5, 1888.)*

APPEAL—EFFECT OF APPEAL—INTERLOCUTORY JUDGMENT—CONTEMPT.

Code Civil Proc. N. Y. § 1330, providing that, "if the appeal is taken from a judgment or order directing the execution of a conveyance or other instrument, it does not stay the execution of the judgment or order until the instrument is executed and deposited with the clerk with whom the judgment or order is entered, to abide the direction of the appellate court;"—and section 1352, providing that, upon an appeal from a final judgment, the appellant may give security to stay execution, in which case execution of the judgment is stayed,—apply to appeals from a final judgment only, and therefore the execution and delivery of a check to the county clerk, which defendants were ordered to execute and deliver to plaintiff, does not stay execution of the order, and defendants may be committed for contempt.

Appeal from special term; BARRETT, Justice.

Motion to punish H. G. McFaddin *et al.*, defendants, for contempt. Code Civil Proc. § 1330, provides that, "if the appeal is taken from a judgment directing the execution of a conveyance or other instrument, it does not stay the execution of the judgment or order until the instrument is executed and deposited with the clerk with whom the judgment or order is entered, to abide the direction of the appellate court." Id. § 1352, provides that, upon an appeal from a final judgment, the appellant may give security to stay execution, in which case execution of the judgment is stayed.

ANDREWS, J. This cause was tried at special term, before Mr. Justice BARRETT, who decided it, at the close of the trial, without taking the papers. In the lengthy oral opinion delivered by him, he commented in very severe terms upon the conduct of the defendants, and held, in substance, that the acts complained of by the plaintiff had not only been done by them without any authority of law, but also that they had treated the plaintiff in a most unjust and oppressive manner. Among other things, Judge BARRETT decided that under the arrangement between McFaddin and plaintiff on the one part, and White, on the other, it was White's duty to divide the funds collected by him, week by week, and that there was no shadow or color of right for locking up White's share in the Pacific Bank to await the final termination of certain actions for alleged infringement of patents, which might not be concluded for many years to come. In pursuance of this decision, the first paragraph of the judgment provided that, within one day after service of a copy of the judgment, White should sign, and McFaddin should countersign, a check on the Pacific Bank for one-half of the moneys of the firm on deposit there, and that such check should then be delivered to the plaintiff. After the entry of the decree a motion for a stay of proceedings pending an appeal was made before me, and such stay was granted upon terms, as to certain portions of the judgment, and wholly denied as to other portions, including the said first clause, which directed the signing, countersigning, and delivery of said check. Subsequently Judge BARRETT expressed to me his approval of this decision. I understood that such motion was made under section 1351 of the Code, and, so far as related to said first clause of the judgment, was addressed to the sound discretion of the court; and the stay as to said first clause was denied, for the reason that, after a careful and laborious examination of the case, I came to the conclusion that the views expressed by Judge BARRETT, in his

oral opinion above referred to, were correct; that the appeal, so far as it related to said first clause of the judgment, was entirely without merit, and that the only object of asking for a stay as to that clause was, and the only effect of granting it would be, to enable the defendants to continue, for a long and indefinite time, their unjust and oppressive treatment of the plaintiff, which Judge BARRETT had so strongly condemned. The defendants have not complied with said clause by delivering such check to the plaintiff, and a motion is now made to punish them for contempt.

It appears by the answering affidavits that White has signed, and McFaddin has countersigned, the check; but, instead of delivering it to the plaintiff, they have delivered it to their attorney, Mr. Edward P. Wilder, who has delivered it to the county clerk; and it is claimed on behalf of the defendants, that the signing and countersigning of the check, and the delivery of it to the county clerk, had the effect, under sections 1330 and 1352 of the Code, to stay proceedings as to said first clause of the decree, although such stay had been denied by the court. The difficulty about this contention is that sections 1330 and 1352 apply to appeals from final judgments only, and that the judgment in this case is an interlocutory one. The question whether there should be a stay as to said first clause is to be determined by the court, or a judge thereof, under section 1351; and sections 1330 and 1352 have no application to the matter. It necessarily follows that, as both defendants have disobeyed the judgment by causing the check to be delivered to the county clerk instead of the plaintiff, they are both in contempt, and the motion to commit them until they comply with said first clause of the decree must be granted. As the defendants appear to have acted under the advice of their attorney, no fine will be imposed upon them, but $10 costs of this motion will be granted to the plaintiff against each defendant.