## CIANCIMINO'S TOWING & TRANSPORTATION CO. *v.* CIANCIMINO.

(*Supreme Court, General Term, First Department.*   December 31, 1891.)

INJUNCTION—VIOLATION—ADVICE OF COUNSEL.

> Prior to January 2, 1891, two factions were each endeavoring to obtain control of the affairs of a company, and one of them had obtained an injunction to restrain defendant from attempting to act as business manager of the company, or to enter on its premises for that purpose.   Afterwards defendant was elected business manager of the company by his faction, and was advised by counsel that he was entitled to take possession of the office of the company and administer its affairs, which he did by entering the office with his party, ejecting the office-boy, procuring the safe to be opened, and discharging an employe of the company.   *Held* a violation of the injunction order, whether his election was or was not valid; but that, having acted under the advice of counsel, and no loss or damage to the company having accrued therefrom, defendant's term of imprisonment should be reduced from 30 to 10 days.

Appeal from special term, New York county.

Action by Ciancimino's Towing & Transportation Company against Peter Ciancimino.   From an order imposing punishment for violating an injunction order defendant appeals.   Modified.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Shepard, Terry, McKelvey & Prentiss,* (*John Jay McKelvey* and *William H. Shepard,* of counsel,) for appellant.   *Harry S. Stallknecht,* (*Henry H. Mann,* of counsel,) for respondent.

DANIELS, J.   The defendant was appointed the business manager of the plaintiff, in 1889, for the term of one year.   That term expired on the 2d of January, 1890, but no successor was appointed for him, and he held over until the 3d of April, 1890.   At that time another person was appointed as business manager of the company in place of the defendant.   This appointment appears to have been strictly regular, and fully authorized by the by-laws of the corporation, as well as the terms of the appointment of the defendant, and of the contract made with him on the 15th of February, 1889.   On the 2d of January, 1891, the annual meeting of the stockholders was held, at which the board of trustees was, in form certainly, elected to hold their office for one year from that date; and this board continued in the position of business manager the person who had been appointed to that office as the successor of the defendant, and he discharged the duties of the office up to and including the 25th of April, 1891.   On the same 2d day of January, 1891, the defendant, and others acting with him, also held a stockholders' meeting, at which it is claimed other persons than those already referred to were elected the trustees of the corporation for the ensuing year, and they in form elected the defendant president of the company, and appointed him its business manager.   He threatened to take possession of the office, and to execute its authority, and

perform its duties; and to prevent that purpose from being carried into execution this action was brought, and an injunction order was issued in it on the 8th of April, 1890. By this order the defendant was enjoined and restrained until the further order of the court from representing himself to be the business manager, or otherwise officially connected with the plaintiff, except as a member of the board of trustees; or from doing any act or thing or any duty appertaining to the office of business manager; and from collecting any money due or to become due to the plaintiff; and from doing any act or making any statement which might be injurious to the plaintiff's interest; and from trespassing on, intruding on, or attempting to occupy or enter, by force or otherwise, the plaintiff's premises, wherever the same might be. This order, together with the affidavits upon which it was made, was served upon the defendant personally on the 9th of April, 1890, together with a copy of the summons and complaint, and the original injunction order was at that time exhibited to him. By the further terms of the order he was required to show cause on the 14th of April why this injunction, or some other order of similar import, should not be continued until the final judgment in the action. Pursuant to this part of the order, the motion came on for the continuance of the injunction on the 14th of April, and two days afterwards a further order was made continuing the preceding order in full force and effect until the final judgment in the action; and it was also ordered that the defendant should be and was enjoined and restrained until the final judgment from representing himself to be the business manager of or otherwise officially connected with the plaintiff, except as a member of the board of trustees, and from doing any act or thing or performing any act or duty appertaining to the office of business manager of the plaintiff, or from collecting any money due to it, and from trespassing on or attempting to occupy or enter by force plaintiff's premises, wherever the same might be. This latter order was not served upon the defendant, but its contents are conceded by him to have been explained to him by his own counsel, who informed him that the injunction order first made, or an order of like import, had been continued against him upon the argument of the motion brought on under the order to show cause, and there is no pretense made by him or in his behalf that he was not in this manner fully apprised of all the terms of the order continuing the injunction until the final judgment in the action. After his selection as the business manager of the company by the trustees elected with him, and on the 25th of April, 1891, the defendant, together with other persons, went into the office of the company, where they found only an office-boy in attendance and in possession; and by his affidavit, which without doubt is true, it is stated that they ordered him out, and he, being afraid of them, went out, leaving them in possession of the office. They afterwards opened the safe, either by boring into the lock and unlocking it, or procuring a person to unlock it, and took out the papers of the company, which had been deposited therein. And an order was issued by the defendant in the capacity of business manager to the captain of the scow Dauntless, which was the property of the company, directing him that the bearer of the order would take charge of the scow, instead of the captain previously having control of her, and directing the latter to repair to the office, there to be paid off; and blank orders were procured and provided for use in the discharge of the duties of this office of business manager by the defendant. Further action was taken for the removal of the office from the place where it was located to the city of Brooklyn. The defendant, and the persons acting with him, before any final removal of the office was effected, also refused to permit the other persons who had been elected trustees of the company on the 2d of January, 1891, to enter into or make use of this office.

This proceeding, so far as the defendant participated in it, was a clear violation of the injunction orders. He had not only been forbidden by the first

order, which was continued in force, from performing any act, thing, or duty appertaining to the office of business manager of the company, but also from intruding into, or attempting to occupy, or enter by force or otherwise, the plaintiff's premises.   And the second order was of the same import.   The order which he issued to the captain of the Dauntless was a violation of this restraint, and so was the seizure of the office by himself and the other persons acting in conjunction with him, and the case was accordingly one, as the defendant had been fully informed by the service of the first injunction order upon him, and the statement made to him by his own counsel of the continuance of that injunction, in which it became the duty of the court to punish him for this violation of the injunction, and the punishment to which he had subjected himself was prescribed either by subdivision 3 of section 8 of the Code of Civil Procedure, or by sections 13 and 2281 of that Code, and it was so considered and held by the court before which the application was made for his punishment, and it was directed by the court that he should be imprisoned for the period of 30 days, and pay a fine of $250, and remain in the custody of the sheriff until the fine should be paid.   But in his behalf it was shown by affidavits that he had been advised by counsel that he was entitled peaceably to take possession of the office of the company, and to resume and discharge the duties of its business manager, by reason of the election on the 2d of January, 1891, and his appointment to that position by the trustees then claiming to be elected.   It is quite evident from the affidavits that there were two parties endeavoring to obtain the management of the affairs of this company, and that each party held an election on the 2d of January, 1891, and the probability seems to be that the trustees who were adverse to the defendant and his associates were elected as such at the election held by the stockholders favorable to them, and that they accordingly had the authority of continuing the person in his office as business manager, who had previously been appointed as the successor of the defendant, and that these trustees were legally in possession of the office and affairs of the company, and that must have been so considered by the court in making and directing the continuance of the injunction orders, for otherwise those orders were not capable of being made or maintained.   But, even if the election of the defendant and his associates as trustees by the stockholders voting in their favor had been legal, and that was followed by his selection as the business manager of the company by those trustees, it did not justify him in violating or disregarding the restraints contained in the injunction orders, and neither he himself nor his counsel had any good reason to place that construction on the orders, for they were not made to depend for their continuance upon any subsequent election or appointment of the defendant to this office of business manager.   But the first order was expressly continued until the hearing and further order of the court, and, when that further order was made by the court, the first order was continued in full force and effect until the final judgment in the action, and so also were the like restraints expressly mentioned in the second order.   Both orders were extended to the time of the recovery of final judgment in the suit, and there was accordingly no plausible ground for construing them to be dependent upon any election which should be held by the stockholders of the company after the time the orders were made and prior to the recovery of the judgment in the action.

And the advice which was given to the defendant by counsel—that he could safely disregard the orders by obtaining the peaceable possession of the office in violation of their restraints—was without foundation, either in fact or in law, and that advice afforded him no such protection as should shield him from punishment for violating the orders by the conduct in which he was afterwards engaged.   If it should be held that the advice of counsel, irrespective of its propriety, would protect a party against liability from punishment

for violating an injunction, then a means would be at once devised by which an injunction order could be set at defiance, and thoroughly nullified, for the party desirous of avoiding its restraints may very well consult counsel on the subject who should be selected with a view of furnishing the advice that the injunction might be disregarded. But the law supplied no alternative of that description for the protection of a party who by his conduct violates the restraints of an injunction. Still it has been considered by the courts, where the party has received this advice, even though it should not have been given, that it is a circumstance to be taken into consideration by way of mitigating the punishment which would otherwise be imposed upon the party for violating the injunction. *People* v. *Aitken,* 19 Hun, 327; *Hatton* v. *McFaddin,* (Sup.) 2 N. Y. Supp. 194; *Railway Co.* v. *Ramsey,* 45 N. Y. 637, 654; *Walters* v. *Kenyon,* 4 N. Y St. Rep. 398. The defendant has sworn that he acted upon this advice, believing it to be correct and reliable, but it is not easy to see how he could have been so far mistaken, even by what was said to him by his counsel, when he had before him the first order, which had been continued to the time of the recovery of a judgment in the action, restraining him from the acts he is shown to have performed. If the election and appointment under which he claimed to have been restored to the office regularly secured that result, then it was a reason for a motion to the court to vacate the injunction orders, but it afforded no legal ground for the violation of their directions as long as they had been continued in force to the time of the recovery of judgment, and the defendant must have known that no judgment had been recovered in the action, and for that reason that the orders still remained in force. But in directing his imprisonment for a period of 30 days the punishment appears to have been more severe than his conduct required should be imposed upon him, for no ac ual loss or injury was sustained by the company as the result of the misconduct on his part which violated the injunction. He had, it is true, impaired and defeated the operation of the injunction, but that would, under the circumstances, be adequately punished by the fine which was imposed upon him, without the addition of the 30-days imprisonment. If his counsel who gave him the advice had been joined with him in the proceeding for the punishment, as he might have been, there is no reason for supposing that it would have been extended beyond the imposition of the fine, and, as both the counsel and the defendant were equally in fault in bringing about the violation of the injunction, the former should not be subjected to any greater severity than that by way of punishment; and the order should be modified by reducing that part directing the defendant's imprisonment for the period of 30 days to the period of 10 days, and affirmed so far as it imposed a fine of $250 and directed him to be committed to the custody of the sheriff of the county of New York, and there detained until the fine should be paid; and, as modified in this manner, the order should be affirmed, without costs of the appeal.